UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROGER W. McCLARIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:05CV2278SNL |
| ) | |
| PETE WHITE, ET. AL., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

*Pro se* plaintiff originally filed this lawsuit in state court alleging that defendant Universal Printing, and certain of its employees had retaliated against him for filing grievances under the collective bargaining agreement (CBA) then in force, and that defendant Graphic Communications International Union, Local 505 (GCIU) and certain of its officers failed to process and/or pursue his grievances. Defendants Universal Printing and Joe Ebel removed this action to federal court on federal question jurisdiction wherein it was assigned to this Court. This matter is before the Court on defendants Universal Printing and Ebel's motion to dismiss pursuant to Rule 12(b)(6) Fed.R.Civ.P. (#5), filed December 5, 2005. As of today's date, plaintiff has failed to file a response.

Defendants contend that plaintiff's cause of action is one arising under §301 of the Labor Management Relations Act of 1947 (LMRA), 29 U.S.C. §185(a). They further allege that in a §301 hybrid suit[1], a six (6) month statute of limitation is applicable pursuant to §10(b) of the National Labor Relations Act (NLRA), 29 U.S.C. §160(b). Finally, they aver that plaintiff's cause of action arose over seven (7) years ago and since he did not file his complaint in state court until November 2, 2005, his complaint is untimely and must be dismissed.

It is well-established that a hybrid §301 breach of duty of fair representation is governed by a six (6) months statute of limitations. DelCostello v. International Brotherhood of Teamsters,

---

[1] A §301 hybrid suit is one in which a plaintiff alleges a breach of the CBA against his/her employer and a breach of the duty of fair representation against his/her union.

462 U.S. 151 (1983); Scott, et. al. v. UAW Union, 242 F.3d. 837, 839 (8th Cir. 2001); Barlow, et. al. v. American National Can Co., et. al., 173 F.3d. 640, 642 (8th Cir. 1999); Washington v. Service Employees International Union, Local 50, 130 F.3d. 825, 826 (8th Cir. 1998). The statute of limitations begins running when the employee "should reasonably have known of the union's alleged breach." Scott, at 839 *quoting* Evans v. Northwest Airlines, 29 F.3d. 438, 441 (8th Cir. 1994). In the common situation wherein a union is accused of mishandling an employee's legitimate grievance or refusing to take such grievance to arbitration, the clock starts running when the grievance is rejected or when the union decides not to pursue it. Barlow, at 642 *citing* Livingstone v. Schnuck Markets, 950 F.2d. 579, 583 (8th Cir. 1991). Thus, an employee reasonably should know of the alleged breach "when the grievance procedure is exhausted or otherwise breaks down to the employee's disadvantage." Barlow, at 644 *citing* Cook v. Columbian Chem. Co., 997 F.2d. 1239, 1241 (8th Cir. 1993).

In his state court petition, plaintiff alleges that over seven (7) years ago (1991-1998) while employed by defendant Universal Printing, he was a member of defendant GCIU. He further alleges that defendant Universal Printing (and some of its employees) retaliated against him for filing various grievances under the CBA then in force. He further alleges that defendant GCIU (and some of its officers) failed to investigate, process and/or pursue said grievances on his behalf. Although plaintiff fails to cite the statutory grounds for his complaint, it is clear to the Court that he is asserting a hybrid §301 cause of action against Universal Printing (breach of contract) and against GCIU (breach of duty of fair representation). The question then becomes when did the applicable six (6) months statute of limitations begin to run?

According to the plaintiff's complaint[2], plaintiff's employment was terminated in February 1998; thereupon, he filed a grievance relating to same, and the GCIU "dropped the termination grievance on April 8, 1998." Plaintiff's Petition, ¶¶3, 40. Thus, the last day plaintiff could have filed this hybrid §301 action against Universal Printing and GCIU was within six (6) months of

---

[2]Plaintiff's state court petition is filed as an attachment to the removal notice. Document #1.1, filed December 5, 2005.

2

April 8, 1998; i.e., October 1998.  Since plaintiff did not file the instant action until November 2, 2005, his hybrid §301 claim is untimely and will be dismissed.

Although not addressed by defendants, any claim for Title VII employment discrimination against defendant Ebel is time-barred.[3]  Although unclear in the petition, it appears that defendant Ebel was a supervisory employee of defendant Universal Printing during the relevant time-period (1991-98).  It also appears that plaintiff's claim against defendant Ebel is for Title VII retaliation for filing grievances under the CBA.  Plaintiff's Petition, ¶42 (Count I).  The Court presumes that this "retaliation" occurred between the years 1991-98 and would have ceased as of plaintiff's termination in February 1998.

*Assuming arguendo* that plaintiff could maintain a claim of retaliation and/or sexual harassment against defendant Ebel, such claim would be barred.  There is no evidence before the Court which even remotely hints that plaintiff administratively exhausted his Title VII[4] claim(s) prior to filing this lawsuit.  Furthermore, there is no evidence that he had filed a charge of discrimination with the EEOC and/or MCHR[5] within 300 days of the date of his termination.  Finally, even if plaintiff had filed a timely charge with the EEOC/MCHR, there is no evidence before the Court which indicates that he filed his state court petition within ninety (90) days of receipt of his Right-to-Sue letter.  Thus, the Court finds that plaintiff's petition is barred as a matter of law.

---

[3]Defendant Ebel is not subject to the hybrid §301 claim because he is neither a "union" nor plaintiff's "employer".

[4]Once again, since plaintiff has not stated anywhere in his petition the jurisdictional grounds for his claims, the Court must infer same from his allegations.  A reading of his petition indicates that he believes that he was sexually harassed by fellow employees and that "Joe Ebel, and Universal Printing Company either condoned or were aware of the harassment and did nothing to stop it, thus continuing that same harassment."  Plaintiff's Petition, ¶42 (Count I).  He also avers that after filing several grievances "Joe Ebel refused to investigate or take action regarding these grievances and harassment, he only stated that `all parties will make an effort to work together.'"  Plaintiff's Petition, ¶18.  The Court believes that such allegations set forth a Title VII sexual harassment and/or retaliation claim.

[5]Missouri Commission on Human Rights.

Accordingly,

**IT IS HEREBY ORDERED** that defendants Universal Printing Co. and Joe Ebel's motion to dismiss (#5) be and is **GRANTED**. Plaintiff's claims, as contained in his state court petition, are **DISMISSED** as to defendants Universal Printing Co. and Joe Ebel only.

Dated this   21st   day of December, 2005.

_____
SENIOR UNITED STATES DISTRICT JUDGE